**BUERGER v. MOLTZ et al.**

No. 8656.

Court of Civil Appeals of Texas.  San Antonio.

Nov. 4, 1931.

Dibrell & Campbell, of Seguin, for plaintiff in error.

Knetsch, Stevenson & Knetsch, of Seguin, for defendants in error.

SMITH, J.

The jury found that H. A. Buerger entered into a contract with W. H. Moltz and Manuel Gibbons whereby he agreed to pay them $250 each if they would procure for him an oil and gas lease upon a certain tract of land in Guadalupe county, and that Moltz and Gibbons procured said lease upon the stipulated terms, as they had contracted to do. Judgment was rendered accordingly in their favor, and Buerger has prosecuted writ of error.

During the trial of the case, defendants in error were permitted to prove, over plaintiff in error's objections, that the latter had resold the lease for $2,490, and he complains that this testimony was immaterial and irrelevant to any issue in the case, and was prejudicial to his cause. Undoubtedly the testimony had no proper bearing upon the essential issues in the case, and was therefore irrelevant and immaterial, as contended by plaintiff in error. We are of the further opinion that it was prejudicial to plaintiff in error, and was calculated to influence the jury towards resolving the submitted and sharply contested issues against him. This theory is strengthened by the fact that defendants in error's counsel, in his argument

to the jury, stressed the fact, disclosed in said testimony, that plaintiff in error had resold the lease at a large profit over the purchase price at which defendants in error had procured it for him, to wit, $830. Plaintiff in error strenuously objected to both the testimony and the argument, but his objections to both were overruled, and testimony and argument went to the jury with the full force of legal evidence, emphasized by the trial court's refusal to exclude either. We conclude the action of the court in admitting said testimony, and in refusing to interfere with said argument based thereon, constituted reversible error. We sustain plaintiff in error's first, second, fourth, and fifth assignments, in which this matter is presented. For like reasons, we also sustain plaintiff in error's third assignment of error.

The judgment is reversed, and the cause remanded.